**Gary D. STEPHENS, Appellant,**

v.

**Donna E. SHALALA, Secretary, Health & Human Services, Appellee.**

**No. 94–2283.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1995.

Decided Jan. 24, 1995.

Appellant appeared pro se.

Ana Maria Martel, Asst. U.S. Atty., Cedar Rapids, IA, for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Gary D. Stephens appeals from the final order entered in the District Court[1] for the Northern District of Iowa, affirming the decision of the Secretary of Health and Human Services, following a remand from the district court, to deny Stephens disability insurance benefits. For the reasons discussed below, we affirm.

In January 1990, Stephens applied for disability insurance benefits and supplemental security income (SSI). On March 15, 1991, following a hearing, the Administrative Law Judge (ALJ) concluded Stephens was eligible to receive SSI, but denied him disability insurance benefits on the ground that he was not disabled as of December 31, 1987, the date his insured status expired. Stephens sought judicial review, and the district court remanded the case to the Secretary to properly discuss and consider the *Polaski* factors and any perceived inconsistencies. *Stephens v. Sullivan,* No. C 92–2019 (N.D.Iowa Aug. 27, 1992). On remand, a different ALJ conducted another hearing, restricting the evidence to Stephens's condition before December 31, 1987.

At the second hearing, Stephens testified that he was born April 15, 1946; attended college for three years; and worked off and on between 1967 and 1982, principally as a gear finisher. Stephens described his impairments as including a "broken" back, bad knee, and neck problems. In 1969 Stephens underwent a diskectomy and interbody fusion of the lumbar vertebra; he also had several knee injuries requiring surgeries. He testified that he was addicted to pain pills between 1969 and 1983, at which time he weaned himself from narcotics. Stephens stated that between 1982 and 1987, he could walk only 300 feet and stand only sixty or ninety seconds because of leg and back pain; he did not bend, stoop, squat, lift, carry, push, or pull; and he mostly lay in bed and watched television. He testified that he lived alone across the street from his parents, who supported him and occasionally cooked for him. The vocational expert testified that there were sedentary jobs Stephens could perform.

The ALJ concluded that Stephens's musculoskeletal problems were severe but did not meet or equal any listed impairment. In evaluating Stephens's subjective complaints of pain under *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984) (subsequent history omitted), the ALJ undertook an exhaustive review of the inconsistencies and contradictions in the record, and concluded that his subjective complaints were not credible. The ALJ considered Stephens's erratic work history, and noted the absence of medical treatment and medication between January 1984 and May 1988. In 1988, when Stephens had a cyst removed, he did not complain about back pain to his doctor; medical records showed that Stephens requested pain medication or complained of back pain only in June 1988 and November 1989. The ALJ found that Stephens's contention that he did absolutely nothing between 1982 and 1987 was not credible in light of evidence that he engaged in significant exertional activities after 1988.

Giving Stephens the benefit of any doubt, the ALJ concluded he could not return to his usual past relevant work. After noting the shift in the burden to the Secretary to show there was other work Stephens could perform, the ALJ concluded on the basis of the vocational expert's testimony that there was a wide range of sedentary work which Stephens could have performed before 1987. The Appeals Council denied further review, Stephens sought judicial review, and the district court concluded that the ALJ satisfactorily discussed and considered the *Polaski* factors.

■ This court's "task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole." *McClees v. Shalala,* 2 F.3d 301, 302 (8th Cir.1993). The substan-

---

1. The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa.

tial evidence standard requires taking into consideration and weighing the evidence in support of as well as detracting from the Secretary's determination. *Neely v. Shalala,* 997 F.2d 437, 439 (8th Cir.1993).

To qualify for disability insurance benefits, Stephens must establish that he was disabled before December 31, 1987, the date his insured status expired. *See Battles v. Sullivan,* 902 F.2d 657, 659 (8th Cir.1990). Stephens's contention that his condition was the same in 1987 as it was in 1990, when he was awarded SSI benefits, is not supported by the record. The record shows that Stephens engaged in activities requiring significantly greater exertion after 1988 and that his condition deteriorated after December 1989.

We conclude that the ALJ appropriately evaluated the evidence, noting substantial inconsistencies in the record. The ALJ supported his determination that Stephens's testimony was not credible, citing the complete absence of medical treatment for approximately four years, his apparent return to physical activity after 1988, his history of exaggerating physical impairments, his erratic work history, and his former abuse of narcotics. Credibility findings are for the ALJ to make in the first instance. *Smith v. Heckler,* 760 F.2d 184, 187 (8th Cir.1985). Where there are inconsistencies in the evidence as a whole, the Secretary may discount subjective complaints. *Starr v. Sullivan,* 981 F.2d 1006, 1008 (8th Cir.1992). We conclude that the Secretary supported her reasons for discounting the extent of Stephens's subjective complaints and that the Secretary's decision is supported by substantial evidence.

Accordingly, we affirm the judgment of the district court.