_____

No. 95-2095
_____

John J. Pena,                    *
                                 *
     Plaintiff - Appellant,      *
                                 * Appeal from the United States
     v.                          * District Court for the
                                 * Southern District of Iowa.
Shirley S. Chater, Commissioner  *
of the Social Security           *
Administration,                  *
                                 *
     Defendant - Appellee.       *


_____

          Submitted:  November 15, 1995

            Filed:  February 16, 1996
_____

Before BEAM, JOHN R. GIBSON and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

JOHN R. GIBSON, Circuit Judge.


     John J. Pena appeals the district court's[1] order affirming the
Social Security Commissioner's denial of his application for
disability and supplemental security income benefits.  Pena argues
that the administrative law judge erred by discounting the opinion
of his treating physician, discounting Pena's testimony regarding
pain and the severity of his restrictions, and failing to fully and
fairly develop the evidence concerning Pena's depression.  We
affirm.

_____

     [1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

Pena is thirty-eight years old with a tenth-grade education. He has worked as a dump truck driver, construction laborer, self-service station attendant, institutional janitor, and tractor assembler. Pena claims he became disabled on May 10, 1991, due to bulging discs in his lower back. He also claims that he suffers from depression.

After a hearing, the administrative law judge concluded that Pena has severe impairments involving lumbar strain and sprain, a history of a bulging disc, and complaints of pain and obesity. However, Pena did "not have an impairment or combination of impairments" qualifying under the impairments listed in the regulations. The judge found that Pena was unable to perform his past relevant work, but held that "jobs still exist in significant numbers in the national economy that he can perform." A vocational expert testified that Pena could work as an electrical assembler, small parts assembler, or parking booth cashier. The judge concluded that the vocational expert's testimony was consistent with Pena's "profile as to age, education, previous work experience, and residual functional capacity," and found Pena's testimony contradictory, lacking in credibility, and unsupported by the record. The judge concluded that Pena was not disabled and was not entitled to disability or supplemental security income benefits. The Commissioner adopted the administrative law judge's decision, and the district court affirmed. Pena appeals.

We affirm the decision of the administrative law judge if it is supported by substantial evidence on the record as a whole. Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995). "We may not reverse merely because substantial evidence would have supported an opposite decision." Id. (internal quotations omitted).

Pena argues that the administrative law judge failed to give controlling weight to the opinion of Pena's treating physician, Dr.

Schultes. Dr. Schultes opined that Pena could lift or carry only five pounds, and could walk, stand, or sit less than one hour.

"A treating physician's opinion is generally entitled to substantial weight; however, such an opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data." Davis v. Shalala, 31 F.3d 753, 756 (8th Cir. 1994). The administrative law judge considered the medical evidence provided by each physician that treated Pena, and concluded that Pena's medical records are inconsistent with Dr. Schultes's opinion. For example, both Pena's physical therapist and Dr. Sinning, who also treated Pena in 1992, concluded that Pena was ready for a work hardening program. Neurological findings and X-rays were also within normal limits. Considering the substantial evidence present in Pena's medical records, the administrative law judge did not err by discounting Dr. Schultes's opinion.

Next, Pena argues that the administrative law judge erred by discrediting Pena's testimony regarding pain and the severity of his restrictions. During the hearing, Pena testified that he suffered from severe pain, which made it difficult for him to sit, stand, or walk.

Applying the five factors set out in Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984), the administrative law judge partially discounted Pena's subjective complaints of pain. The judge found that Pena's testimony was "contradictory and not supported by the entire record," and his sporadic work history failed to support his credibility.

"Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995) (per curiam). Inconsistencies between subjective complaints of pain and daily

living patterns may also diminish credibility. Shannon, 54 F.3d at 487. "We will not disturb the decision of an [administrative law judge] who seriously considers, but for good reasons explicitly discredits, a claimant's testimony of disabling pain." Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992). Substantial evidence supports the administrative law judge's decision to discount Pena's testimony. Pena testified that he was able to care for at least one of his six children on a daily basis, drive a car when unable to find a ride, and sometimes go to the grocery store. Thus, the judge considered Pena's testimony and supported the decision to discount his subjective complaints of pain. See Stephens, 46 F.3d at 39.

Finally, Pena argues that the administrative law judge erred in failing to fully and fairly develop the evidence concerning Pena's depression. However, Pena did not allege depression in his disability application, and he did not mention the condition during his testimony. The administrative law judge is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993).

The administrative law judge's determination that Pena was not disabled is supported by substantial evidence on the record as a whole. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-