United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1353

_____

John C. Spradling,                          *
                                            *
            Appellant,                      *
                                            *       Appeal from the United States
      v.                                    *       District Court for the
                                            *       Eastern District of Arkansas.
Shirley Chater, John J. Callahan,[1]        *
Acting Commissioner, Social Security        *
Administration,                             *
                                            *
            Appellee.                       *


_____

Submitted:  September 10, 1997

Filed:  October 6, 1997
_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

_____

[1]John J. Callahan was appointed to serve as the Acting Commissioner of the Social Security Administration effective March 1, 1997.  He has been substituted as the appellee in place of former Commissioner, Shirley S. Chater, pursuant to Fed. R. App. P. 43(c)(1).

WOLLMAN, Circuit Judge.

John C. Spradling appeals the district court's[2] judgment affirming the denial of his application for Social Security disability benefits. We affirm.

**I.**

John C. Spradling is a forty-seven-year-old man with a high school education. His past relevant work includes experience in carpentry, construction labor, and farm labor. On November 10, 1992, Spradling filed an application for disability insurance benefits, alleging a disability onset date of July 9, 1992. Spradling claimed that he was unable to work because of a back injury, with associated back, hip, leg, and foot pain. The Social Security Administration denied his application initially and again on reconsideration. Spradling then sought a hearing before an administrative law judge (ALJ), which was held on June 28, 1993. The ALJ's decision, filed on October 26, 1994, found that Spradling was not disabled. The ALJ, pursuant to regulatory guidelines promulgated at 20 C.F.R. § 416.920(a)-(f), found that Spradling had not engaged in substantial gainful activity since March 1993 and that although he had a severe combination of impairments, including back ailments and psychological disorders, Spradling did not have an impairment or combination of impairments equivalent to a listed impairment. The ALJ further found that although Spradling was unable to perform his past relevant work as a carpenter, construction laborer, or farm laborer, he had a residual functional capacity to perform at least sedentary work and therefore was not disabled. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). After applying principles set forth in Polaski v.

---

[2]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ found that Spradling's subjective allegations of disabling pain were not credible.

On December 1, 1995, after acknowledging consideration of new evidence provided by Spradling, the Appeals Council denied his request for further review. Spradling then sought judicial review pursuant to 42 U.S.C. § 405(g). The district court granted the Commissioner's motion for summary judgment, finding that substantial evidence supported the Commissioner's decision to deny Spradling's benefits. On appeal, Spradling contends that the Commissioner did not properly consider his psychological impairments and that the Commissioner incorrectly discounted his subjective complaints of pain as not credible.

## II.

We will uphold the Commissioner's determinations if they are supported by substantial evidence on the record as a whole. Keller v. Shalala, 26 F.3d 856, 858 (8th Cir. 1994). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). "In assessing the substantiality of the evidence, we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it." Id. We cannot overturn the Commissioner's decision merely because of the existence of substantial evidence supporting a different outcome. Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993).

Spradling contends that the Commissioner erroneously concluded that his mental impairments were not debilitating, arguing that his mental and physical impairments, when considered in combination, render him disabled. Significantly, however, Spradling did not allege a disabling mental impairment in his application for disability benefits. See Pena v. Chater 76 F.3d 906, 909 (8th Cir. 1996); Smith at 1371. The ALJ found that Spradling had presented no evidence that his mental impairments

imposed any significant limitation on his ability to do basic mental work-related activities for more than twelve continuous months. The ALJ reached this conclusion after determining that although Spradling developed depressive symptoms in March 1993, he was largely able to control his problems by June 1993. The Appeals Council, presented with additional diagnostic evidence, accepted the ALJ's findings on this issue. Spradling contends, however, that he continuously sought treatment for mental problems from March 1993 through April 1995 and that his therapy and drug treatments were not altogether effective. Although Spradling is correct in asserting that he sought the help of many mental health professionals during this period, the salient issue is whether substantial evidence supports the Commissioner's finding that Spradling did not have a severe mental impairment after June 1993.

To support his claim, Spradling presented evidence from numerous visits to the George W. Jackson Community Mental Health Center, (Jackson Center) as well as consultative visits with independent mental health professionals. During his treatment Spradling was diagnosed with numerous mental health problems. The record as a whole, however, supports the Commissioner's findings. Three separate psychological evaluations reflect that although Spradling undoubtedly was experiencing difficulty coping with his physical ailments and unrelated personal problems, he was not severely mentally impaired. Dr. Ken Dowless, a psychiatrist at the Jackson Center, examined Spradling briefly and provisionally diagnosed him with adjustment disorder, dysthymia, and post traumatic stress traits. Dr. Dowless also noted that Spradling was fully oriented and alert, and that he maintained a fairly adequate fund of general information. On July 5, 1993, Spradling was thoroughly evaluated by Dr. William E. Wilkins, an independent forensic psychologist. Dr. Wilkins diagnosed Spradling with major depression, anxiety disorder, and personality disorder. Dr. Wilkins noted, however, that Spradling possessed good intellectual skills, was responding to his medication and therapy, and could possibly be retrained for other work. On November 8, 1994, Dr. Larry S. Felts, a psychiatrist, evaluated Spradling. Dr. Felts noted that Spradling's psychiatric condition was "greatly improved" and that notable difficulties in

concentration and short term memory were not disabling. Thus, substantial evidence supports the Commissioner's findings that Spradling does not suffer from a disabling mental condition.

## III.

We next consider Spradling's argument that the ALJ improperly discredited his subjective complaints of pain. "As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is." Woolf, 3 F.3d at 1213. In analyzing a claimant's subjective complaints of pain, an ALJ must examine: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Polaski, 739 F.2d at 1322. Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints. Id. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. Sullins v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995).

Applying the foregoing guidelines, the ALJ found that Spradling's complaints of disabling pain lacked credibility. The ALJ examined objective medical evidence of Spradling's physiological impairments and numerous inconsistencies in Spradling's claims. The ALJ noted that although Spradling complained of intense, continuous pain, he was still able to engage in many normal daily activities, including hunting and fishing, cooking, cleaning, driving, and visiting friends. See Pena, 76 F.3d at 908 (credibility diminished by inconsistencies between subjective complaints of pain and daily living activities). The ALJ also questioned Spradling's failure to seek more aggressive treatment. Spradling sought treatment for his back only twice in two years, was never considered a candidate for surgery, and failed to have his pain medication adjusted when it caused him stomach problems.

Spradling contends that any physical activity precipitates and aggravates his severe pain. The ALJ cited Spradling's daily activities as being inconsistent with his assertions of pain. Dr. William Hurst, who examined Spradling on July 27, 1992, opined that he "may never be able to do any lifting again . . . [and that] heavy lifting may be out of the question for him." Spradling was eventually referred to Dr. Samuel Hunter, who examined him on September 9, 1992. Dr. Hunter noted that Spradling had a limited range of motion and was unable to perform his past heavy work. Dr. Hunter urged Spradling to get out and be active and recommended that he hunt, fish, and continue activities of daily life. Spradling was then examined by an orthopedist, Dr. Ramon E. Lopez, in April 1993. Dr. Lopez concluded that Spradling probably could not do work activities which required prolonged sitting, standing, walking, carrying, lifting, pushing, pulling, or crawling. The ALJ noted that the only physical limitations placed on Spradling by his physicians were to avoid heavy lifting and his prior carpentry work. Also, some of Spradling's treating physicians and mental health professionals impliedly recognized his residual capacities by suggesting that he consider work retraining. The inconclusive evidence concerning Spradling's functional limitations is best resolved by the ALJ. See Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir. 1995) ("Where the medical evidence is equally balanced, as we find it is here, the ALJ resolves the conflict.").

The ALJ determined that objective medical evidence did not support Spradling's claims of debilitating pain. See Woolf, 3 F.3d at 1213 (degenerative disc disease with mild posterior lumbar bulging was not a disabling condition). The medical evidence in this case revealed degenerative disc disease, mild arachnoiditis, and fibrosis. Diagnostic tests of Spradling's spine did not reveal any disc herniation. The ALJ noted the likelihood that Spradling's back ailments were linked to two previous surgical procedures.[3] The ALJ made his determination after concluding that Spradling's back

_____

[3]Spradling underwent surgery for back problems in 1978 and 1979. He received Social Security benefits from May 1978 until July 1981, when his disability ended.

problems have existed for a number of years and that he has continued to work with his condition.

Although Spradling's lengthy work history supports his subjective complaints of disabling pain, the ALJ noted a significant inconsistency in Spradling's claim in that although Spradling alleged that he became disabled on July 9, 1992, and ceased working due to his impairments, Dr. Lopez's report reveals that Spradling stated that he was able to work until March 1993.

It was for the ALJ to weigh and then discount Spradling's complaints of pain in the light of the <u>Polaski</u> factors. We conclude that the ALJ did not err in doing so.

The judgment is affirmed.

BRIGHT, Circuit Judge, dissenting.

I dissent. The record is abundantly clear that the claimant suffers a severe, long term disability to his back.

The medical reports early on show evidence of persistent pain as follows:

* 7/15/92 "Persistent lumbar pain. Now with right radicular pain." (Notes of William Hurst, M.D., Tr. at 182).

* 7/27/92 "Persistent lumbar pain . . . ." (Notes of William Hurst, M.D. Tr. at 182).

* 9/8/93 "[N]ot able to work because of his back injury . . . . His back pain sometimes keeps him asleep [apparently meaning from sleeping]." (Notes of David J. Silas, M.D., Tr. at 232).

* 7/12/94 "Chronic back pain . . . ."  (Notes of Lori Denton, R.N.P. Tr. at 27).

* 11/8/94 "On examination he appeared to have significant pain at times which required shifting of positions during the interview."  (Notes of Larry S. Felts, M.D., P.A., Tr. at 220).

Moreover, objective findings support the painful back diagnosis.

* 9/9/92 "His low back has marked paraspinous muscle spasms . . . ." (Notes of Gregory F. Ricca, M.D., Tr. at 184).

* 9/22/92 "[D]egenerative disc disease."  (Notes of Daniel R. Ramey, M.D., Tr. at 190).

* 10/23/92 "Patient has post surgical, post ruptured disc spondylosis in the lower back with arachnoiditis [abnormal immobility and consolidation of a vertebral joint combined with inflammation of the delicate middle membrane of the three membranes which cover the spinal cord]."  (Notes of Samuel E. Hunter, M.D., Tr. at 194).

* 3/9/93 "He may also benefit from epidural blocks."  (Notes of Samuel E. Hunter, M.D., Tr. at 194).

* 4/27/93 "X-rays of the lumbar spine revealed marked narrowing of the L4-5 and L5-S1 interspaces.  There was also sclerosis of the facet joints." (Notes of Ramon E. Lopez, M.D., Tr. at 198).

On April 27, 1993, Dr. Ramon E. Lopez, an orthopedic specialist, wrote:

Based on objective evidence it is my opinion that this patient would not be able to do work activities which require prolonged sitting, standing, walking, carrying, lifting, pushing, pulling, or crawling.

Tr. at 198.

Spradling's subsequent medical history offers additional support for the claim. On July 12, 1994, Spradling was diagnosed with chronic back pain, depression and hiatal hernia at Jonesboro Church Health Care Center. Tr. at 27. Dr. Peggy Reep found cervical degenerative change and lumbar degenerative change on January 17, 1995. Tr. at 273. Dr. David J. Silas, on January 12, 1995, noted that Spradling was "in extreme pain and walks with a cane and can not [sic] straighten up completely." Tr. at 241. On February 2, 1995, Dr. Warren Stringer found possible "mild disc herniation with minimal associated end plate spurring [or] a mild degree of chronic disc bulging" in a radiology exam. Tr. at 262.

In this case, the rejection of back pain is not a matter of credibility but an inability by the ALJ and Social Security Administration to comprehend that disabling back pain does not bar some limited life activities. The ALJ seems to have rejected the painful back condition because Spradling can do some things and is not a complete invalid. The Social Security Administration has failed to recognize that a claimant such as Spradling is not required to prove he is bedridden or completely helpless to be found disabled. Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989) (internal citations omitted).

The ALJ misunderstands the nature of persistent back pain. That pain can often be relieved by inactivity but can flare up with movement. Spradling's few activities are not inconsistent with the medical findings and his long-standing assertions of disabling back pain.

Daily life activities are a factor in whether a claimant's subjective complaints of pain are believed. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the objective medical evidence should always be the starting place. In this case, the medical evidence shows persistent pain and the underlying causes of that pain.

Without giving ample consideration to the back disability, the ALJ determined that the claimant could perform sedentary work. Sedentary work requires that "the claimant must have the ability to perform the requisite acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." Thomas, 876 F.2d at 669 (internal citations omitted). Spradling's testimony that on a good day he can fish or hunt for approximately one-half hour does not show that he could work day in and day out with his back pain.

The majority and ALJ also rely upon the fact that Spradling saw health care providers for his back pain only twice in two years and failed to have his pain medication adjusted when it caused him stomach irritation. At oral argument, Spradling argued that he had no means of securing health care in this time period. Again, considering the type of disability, it may not be unreasonable for someone who is told by medical experts that nothing can be done for his back pain to not continue to seek further options. He continued to take pain and depression medications during these two years.

Substantial evidence supports Spradling's claim for disability. I would reverse and remand for further consideration of whether Spradling can do sedentary work, a matter not fully considered by the Social Security Administration nor the ALJ.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-