WOLLMAN, Circuit Judge.
John C. Spradling appeals the district court’s[2] judgment affirming the denial of his application for Social Security disability benefits. We affirm.
I.
John C. Spradling is a forty-seven-year-old man with a high school education. His past relevant work includes experience in carpentry, construction labor, and farm labor. On November 10, 1992, Spradling filed an application for disability insurance benefits, alleging a disability onset date of July 9, 1992. Spradling claimed that he was unable to work because of a back injury, with associated back, hip, leg, and foot pain. The Social Security Administration denied his application initially and again on reconsideration. Spradling then sought a hearing before an administrative law judge (ALJ), which was held on June 28, 1993. The ALJ’s decision, filed on October 26, 1994, found that Spradling was not disabled. The ALJ, pursuant to regulatory guidelines promulgated at 20 C.F.R. § 416.920(a)-(f), found that Spradling had not engaged in substantial gainful activity since March 1993 and that although he had a severe combination of impairments, including back ailments and psychological disorders, Spradling did not have an impairment or combination of impairments equivalent to a listed impairment. The ALJ further found that although Spradling was unable to perform his past relevant work as a carpenter, construction laborer, or farm laborer, he had a residual functional capacity to perform at least sedentary work and therefore was not disabled. See Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 2290-92, 96 L.Ed.2d 119 (1987) (describing the five-step analysis). After applying principles set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted), the ALJ found that Spradling’s subjective allegations of disabling pain were not credible.
On December 1,1995, after acknowledging consideration of new evidence provided by Spradling, the Appeals Council denied his request for further review. Spradling then sought judicial review pursuant to 42 U.S.C. § 405(g). The district court granted the Commissioner’s motion for summary judgment, finding that substantial evidence supported the Commissioner’s decision to deny Spradling’s benefits. On appeal, Spradling contends that the Commissioner did not properly consider his psychological impairments and that the Commissioner incorrectly discounted his subjective complaints of pain as not credible;
H.
We will uphold the Commissioner’s determinations if they are supported by substan *1074 tial evidence on the record as a whole. Keller v. Shalala, 26 F.3d 856, 858 (8th Cir.1994). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner’s conclusion. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993). “In assessing the substantiality of the evidence, we must consider evidence that detracts from the [Commissioner’s] decision as well as evidence that supports it.” Id. We cannot overturn the Commissioner’s decision merely because of the existence of substantial evidence supporting a different outcome. Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir.1993).
Spradling contends that the Commissioner erroneously concluded that his mental impairments were not debilitating, arguing that his mental and physical impairments, when considered in combination, render him disabled. Significantly, however, Spradling did not allege a disabling mental impairment in his application for disability benefits. See Pena v. Chater 76 F.3d 906, 909 (8th Cir.1996); Smith at 1371. The ALJ found that Spradling had presented no evidence that his mental impairments imposed any significant limitation on his ability to do basic mental work-related activities for more than twelve continuous months. The ALJ reached this conclusion after determining that although Spradling developed depressive symptoms in March 1993, he was largely able to control his problems by June 1993. The Appeals Council, presented with additional diagnostic evidence, accepted the ALJ’s findings on this issue. Spradling contends, however, that he continuously sought treatment for mental problems from March 1993 through April 1995 and that his therapy and drug treatments were not altogether effective. Although Spradling is correct in asserting that he sought the help of many mental health professionals during this period, the salient issue is whether substantial evidence supports the Commissioner’s finding that Spradling did not have a severe mental impairment after June 1993.
To support his claim, Spradling presented evidence from numerous visits to the George W. Jackson Community Mental Health Center, (Jackson Center) as well as consultative visits with independent mental health professionals. During his treatment Spradling was diagnosed with numerous mental health problems. The record as a whole, however, supports the Commissioner’s findings. Three separate psychological evaluations reflect that although Spradling undoubtedly was experiencing difficulty coping with his' physical ailments and unrelated personal problems, he was not severely mentally impaired. Dr. Ken Dowless, a psychiatrist at the Jackson Center, examined Spradling briefly and provisionally diagnosed him with adjustment disorder, dysthymia, and post traumatic stress traits. Dr. Dowless also noted that Spradling was fully oriented and alert, and that he maintained a fairly adequate fund of general information. On July 5, 1993, Spradling was thoroughly evaluated by Dr. William E. Wilkins, an independent forensic psychologist. Dr. Wilkins diagnosed Spradling with major depression, anxiety disorder, and personality disorder. Dr. Wilkins noted, however, that Spradling possessed good intellectual skills, was responding to his medication and therapy, and could possibly be retrained for other work. On November 8, 1994, Dr. Larry S. Felts, a psychiatrist, evaluated Spradling. Dr. Felts noted that Spradling’s psychiatric condition was “greatly improved” and that notable difficulties in concentration and short term memory were not disabling. Thus, substantial evidence supports the Commissioner’s findings that Spradling does not suffer from a disabling mental condition.
III.
We next consider Spradling’s argument that the ALJ improperly discredited his subjective complaints of pain. “As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is.” Woolf, 3 F.3d at 1213. In analyzing a claimant’s subjective complaints of pain, an ALJ must examine: (1) the claimant’s daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Polaski, 739 F.2d at 1322. Other relevant factors include the claimant’s relevant work history and the absence of objective medical evidence to support the com *1075 plaints. Id. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. Sullins v. Shalala, 25 F.3d 601, 603 (8th Cir.1994), cert. denied, 513 U.S. 1076, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995).
Applying the foregoing guidelines, the ALJ found' that Spradling’s complaints of disabling pain lacked credibility. The ALJ examined objective medical evidence of Spradling’s physiological impairments and numerous inconsistencies in Spradling’s claims. The ALJ noted that although Spradling complained of intense, continuous pain, he was still able to engage in many normal daily activities, including hunting and fishing, cooking, cleaning, driving, and visiting friends. See Pena, 76 F.3d at 908 (credibility diminished by inconsistencies between subjective complaints of pain and daily living activities). The ALJ also questioned Spradling’s failure to seek more aggressive treatment. Spradling sought treatment for his back only twice in two years, was never considered a candidate for surgery, and failed to have his pain medication adjusted when it caused him stomach problems.
Spradling contends that any physical activity precipitates and aggravates his severe pain. The ALJ cited Spradling’s daily activities as being inconsistent with his assertions of pain. Dr. William Hurst, who examined Spradling on July 27, 1992, opined that he “may never be able to do any lifting again ... [and that] heavy lifting may be out of the question for him.” Spradling was eventually referred to Dr. Samuel Hunter, who examined him on September 9, 1992. Dr. Hunter noted that Spradling had a limited range of motion and was unable to perform his past heavy work. Dr. Hunter urged Spradling to get out and be active and recommended that he hunt, fish, and continue activities of daily life. Spradling was then examined by an orthopedist, Dr. Ramon E. Lopez, in April 1993. Dr. Lopez concluded that Spradling probably could not do work activities which required prolonged sitting, standing, walking, carrying, lifting, pushing, pulling, or crawling. The ALJ noted that the only physical limitations placed on Spradling by his physicians were to avoid heavy lifting and his prior carpentry work. Also, some of Spradling’s treating physicians and mental health professionals impliedly recognized his residual capacities by suggesting that he consider work retraining. The inconclusive evidence concerning Spradling’s functional limitations is best resolved by the ALJ. See Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir.1995) (“Where the medical evidence is equally balanced, as we find it is here, the ALJ resolves the conflict.”).
The ALJ determined that objective medical evidence did not support Spradling’s claims of debilitating pain. See Woolf, 3 F.3d at 1213 (degenerative disc disease with mild posterior lumbar bulging was not a disabling condition). The medical evidence in this case revealed degenerative disc disease, mild arachnoiditis, and fibrosis. Diagnostic tests of Spradling’s spine did not reveal any disc herniation. The ALJ noted the likelihood that Spradling’s back ailments were linked to two previous surgical procedures.[3] The ALJ made his determination after concluding that Spradling’s back problems have existed for a number of years and that he has continued to work with his condition.
Although Spradling’s lengthy work history supports his subjective complaints of disabling pain, the ALJ noted a significant inconsistency in Spradling’s claim in that although Spradling alleged that he became disabled on July 9, 1992, and ceased working due to his impairments, Dr. Lopez’s report reveals that Spradling stated that he was able to work until March 1993.
It was for the ALJ to weigh and then discount Spradling’s complaints of pain in the light of the Polaski factors. We conclude that the ALJ did not err in doing so.
The judgment is affirmed.

. The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

. Spradling underwent surgery for back problems in 1978 and 1979. He received Social Security benefits from May 1978 until July 1981, when his disability ended.