# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3848

_____

Terri L. Luckenbach,           *
                                      *

        Appellant,         *

                                      *   Appeal from the United States

    v.                       *   District Court for the

                                      *   Western District of Missouri.

Jo Anne B. Barnhart, Commissioner,  *

Social Security Administration,     *      [UNPUBLISHED]

                                      *

        Appellee.          *

_____

Submitted: June 6, 2002
Filed: June 13, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

      Terri L. Luckenbach appeals the District Court's[1] order affirming the denial of disability insurance benefits. In her January 1996 application, Luckenbach alleged disability since January 1986 from chronic fatigue syndrome (CFS). Her insured status expired in December 1990. After a June 1997 hearing, where both a medical expert (ME) and vocational expert (VE) testified, an administrative law judge (ALJ) found Luckenbach capable of performing one of her past jobs (machine tender), and

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

certain light unskilled jobs that the VE identified in response to a hypothetical which the ALJ posed.

Initially we note that Luckenbach's challenge to the thoroughness of the District Court's analysis does not preclude us from conducting our own substantial-evidence review. See Box v. Shalala, 52 F.3d 168, 170 (8th Cir. 1995) (reviewing de novo grant of summary judgment to determine whether substantial evidence supports Commissioner's decision).

Luckenbach first argues that the ALJ and ME erred by finding that she was not disabled by CFS before her insured status expired. We disagree. During the period at issue—January 1986 to December 1990—Luckenbach sought little medical care until mid-1988, and even then she sought care primarily for insomnia. Although the records she submitted to the Appeals Council reflect more medical visits for complaints consistent with CFS, see Barnes v. Soc. Sec. Admin., 171 F.3d 1181, 1183 (8th Cir. 1999) (per curiam) (considering new evidence in determining if substantial evidence supports ALJ's decision), this Court may not reverse an ALJ's decision "merely because substantial evidence may allow for a contrary decision," Bergmann v. Apfel, 207 F.3d 1065, 1068 (8th Cir. 2000).

We also reject Luckenbach's challenge to the ME's qualifications, as the ME's testimony was consistent for the most part with the most recent information on CFS from the Centers for Disease Control and Prevention. And contrary to Luckenbach's assertion, the ALJ was not required to clarify the opinion of treating physician Joseph Brewer, because Dr. Brewer started treating Luckenbach almost four years after her insured status expired and thus he, like the ME, based his opinion about her CFS during the relevant period on a review of the records.

Luckenbach asserts that the ALJ's residual-functional-capacity (RFC) determination should have been based on Dr. Brewer's 1995 and 1997 statements,

and that the hypothetical should have included all of the limitations to which she testified. These arguments also fail. Dr. Brewer's statements did not constitute opinions about her disability status during the relevant period, see Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (declining to give treating physician's opinion special weight when it consists only of vague, conclusory statements); Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995) (per curiam) (requiring claimant to show she was disabled before date last insured); and to the extent she is challenging the ALJ's credibility findings, we defer to the ALJ who cited multiple valid reasons for discrediting her, see Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001). Thus, the ALJ's RFC findings for the period at issue are supported by substantial evidence, see Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001), and the hypothetical was proper, see Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999).

Finally, Luckenbach generally argues that the ALJ should have compared her RFC to that required of a machine tender. However, given the ALJ's determination that she also could perform the light unskilled jobs the VE identified, the finding about her ability to work as a machine tender is of no consequence.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-