# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2830

_____

Kenneth Fischer,                                *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
      v.                                        *   District Court for the
                                                *   District of South Dakota.
JoAnne B. Barnhart, Commissioner of             *
Social Security Administration,                 *        [UNPUBLISHED]
                                                *
            Appellee.                           *

_____

Submitted:  February 7, 2003
    Filed:  February 12, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Kenneth Fischer appeals the District Court's[1] order affirming the denial of disability benefits. In his January 1999 application, Fischer alleged disability since May 1997 from diabetes and from pain related to a right-leg injury. After a hearing, an administrative law judge (ALJ) found that some of Fischer's impairments were severe, but not of listing-level severity. The ALJ determined Fischer had the residual functional capacity to perform unskilled work; to lift twenty pounds occasionally and

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

ten pounds frequently; to stand, walk, or sit six hours in a workday; and to occasionally reach overhead, squat, kneel, and crawl. The ALJ found that Fischer could not perform his past relevant work, but that he could perform the jobs a vocational expert (VE) identified in response to a hypothetical the ALJ posed.

Fischer first argues that the ALJ erred by discrediting his testimony about his need to elevate his leg while in a reclining position. He also complains that the ALJ failed to explain why he discounted the related opinion of Fischer's treating physician, Dr. Stuart Fromm. We disagree. While there is evidence in the record that supports Fischer's credibility, the ALJ gave multiple valid reasons for discrediting him. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (if reviewing court can draw two inconsistent positions from evidence and one position represents Commissioner's findings, the court must affirm decision); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) ("[w]here adequately explained and supported, credibility findings are for the ALJ to make."). As the ALJ noted, establishing a disability based on severe pain requires showing more than the inability to work without pain. See Spradling v. Chater, 126 F.3d 1072, 1074-75 (8th Cir. 1997). Further, in discounting Dr. Fromm's opinion, the ALJ properly noted that the opinion was inconsistent with examination findings and that Dr. Fromm had never recommended any work restrictions for Fischer. See Holmstrom v. Massanari, 270 F.3d 715, 720 (8th Cir. 2001) (ALJ may discount treating physician's opinion "if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions.").

Fischer contends the ALJ should not have rejected the opinion of consulting psychologist Dewey Ertz, who opined that Fischer met the requirements for Listing 12.04 ("Affective Disorders"). We agree with the ALJ that Fischer met only the section A requirements for 12.04. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04 (2002) (claimant must meet criteria in A and B, or criteria in C); Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) ("opinion of a consulting physician who examines

a claimant once or not at all does not generally constitute substantial evidence."). Further, Fischer did not suggest mental impairment as a basis for disability until the hearing, and he never sought care for his alleged mental problems. Cf. Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (ALJ properly discounted non-treating psychiatrist's opinion that claimant had disabling mental impairments because claimant did not allege disabling mental impairment in application, merely made vague statements about suffering bouts of nervousness, and had never previously sought or been referred for mental health treatment).

Finally, Fischer argues that the ALJ's hypothetical should have included limitations for his depression and pain disorder and should have factored in his need to elevate his leg above his waist or rest frequently. Because the ALJ's findings as to Fischer's credibility and Dr. Fromm's opinion were proper, this argument necessarily fails as well. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). We also note that the ALJ included the unskilled-work limitation in the hypothetical because of Fischer's alleged mental impairment and that, according to the VE, there were still jobs available if a sit-stand option was added to the hypothetical to accommodate Fischer's need to elevate his leg (but not to recline).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-