[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12267
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-01427-PDB


DEBRA LYNN DUFFY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 8, 2018)


Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Debra Lynn Duffy appeals the district court's order affirming the Social Security Commissioner's denial of Duffy's applications for disability insurance benefits ("DIB") and supplement security income ("SSI"), 42 U.S.C. §§ 405(g) and 1383(c)(3).  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ").  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  We review de novo the district court's determination about whether substantial evidence supports the ALJ's decision.  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

2

A person who applies for Social Security DIB or for SSI benefits must first prove that she is disabled.  See 20 C.F.R. §§ 404.1512, 416.912(a).[*]  The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform.  Id.

Applying the five-step evaluation process, the ALJ first determined that Duffy had engaged in no substantial gainful activity since her application date. The ALJ then determined that Duffy had three severe impairments: anxiety disorder, attention deficit hyperactivity disorder ("ADHD"), and a personality disorder.  The ALJ determined that -- although Duffy could no longer perform her past relevant work -- she had the RFC to perform a full range of work at all exertional levels, but was "limited to simple, unskilled repetitive work" with only

---

[*] Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

"brief, superficial and occasional" contact with the general public and with co-workers.  Considering Duffy's age, education, work experience, and RFC (together with the vocational expert's testimony) the ALJ determined that Duffy was capable of performing other work in the national economy.  Accordingly, the ALJ concluded that Duffy was "not disabled."

## I.

On appeal, Duffy first argues that the ALJ erred in failing to consider adequately and to specify the weight given to the medical opinions of examining psychologists Dr. Cadiz and Dr. Beaty.

In determining a claimant's RFC, the ALJ must consider all medical opinions in the claimant's case record together with other pertinent evidence.  20 C.F.R. § 404.1520(e), 416.920(e).  "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  Winschel, 631 F.3d at 1179.  We will not affirm a decision "when the ALJ fails to state with at least some measure of clarity the grounds for his decision."  Id. (quotations omitted).

Dr. Beaty evaluated Duffy in March 2012 and in September 2012.  The ALJ summarized accurately the details of Dr. Beaty's opinions, including Dr. Beaty's

4

mental status exam findings, diagnoses, and assessed Global Assessment of Functioning ("GAF") score of 50.  Although the ALJ did not state expressly the weight given to Dr. Beaty's medical opinions as a whole, the ALJ did state with particularity his reasons for giving little weight to the GAF scores reported by all providers: GAF scores are subjective and not pertinent to a legal determination about disability.  The ALJ also explained that he was giving little weight to the GAF scores reported by Dr. Beaty in particular because Dr. Beaty's GAF scores were inconsistent with Dr. Beaty's overall mental-status exam findings.

Dr. Cadiz evaluated Duffy in January 2013.  Dr. Cadiz concluded that Duffy's symptoms were consistent with a primary diagnosis of ADHD, inattentive type, with consequent symptoms of anxiety and depression.  Dr. Cadiz opined that, with proper management of Duffy's symptoms -- including both medication and counseling -- Duffy would be capable of further training and employment.  Dr. Cadiz noted that Duffy "would possibly do well in an occupation that involves relatively little supervision, with predictable and manageable daily tasks."  Dr. Cadiz said that Duffy would "need at least one year of weekly counseling" before her symptoms would be sufficiently stabilized for her to be ready to work.

In summarizing Duffy's medical history, the ALJ acknowledged Dr. Cadiz's opinion that with proper management of her symptoms, Duffy would be capable of further training and employment.  The ALJ also considered Dr. Cadiz's diagnoses

and GAF score.  Although the ALJ included no mention of Dr. Cadiz's opinion that Duffy would require at least one year of counseling before she would be able to work, the ALJ need not discuss expressly each piece of evidence.  See Dyer, 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the reviewing court "to conclude that the ALJ considered [the claimant's] medical condition as a whole." (quotation and alterations omitted)).  Moreover, whether a claimant is able to work is a determination reserved to the Commissioner and is no "medical opinion" within the meaning of the regulations.  20 C.F.R. §§ 404.1527(d), 416.927(d).

The ALJ also considered that Duffy began attending counseling sessions in March 2013 and was first prescribed medication in June 2013.  In the light of Duffy's more recent medical records, substantial evidence supported the ALJ's conclusion that Duffy's symptoms had been well managed and that she had improved with counseling and with medication.

To the extent the ALJ erred by failing to state with particularity the weight given to Dr. Beaty's and to Dr. Cadiz's opinions, that error is harmless because nothing evidences that it affected the ALJ's ultimate determination.  See Diorio v. Heckler, 721 F.3d 726, 728 (11th Cir. 1983) (concluding that the ALJ's erroneous statements of facts constituted harmless error because the errors had no effect on

the outcome).  The ALJ's description of Duffy's functional limitations is consistent with the opinions expressed by Dr. Cadiz and Dr. Beaty, including that Duffy suffers from ADHD, anxiety, and depression.  The ALJ's RFC determination -- that Duffy be "limited to simple, unskilled repetitive work" with limited contact with the general public and with co-workers -- is also consistent with Dr. Cadiz's recommendation that Duffy be limited to positions with "relatively little supervision, with predictable and manageable daily tasks."

The ALJ articulated clearly the reasoning for the RFC determination; and that determination is supported by substantial evidence in the record.  Accordingly, despite the ALJ's failure to assign weight to Dr. Cadiz's and Dr. Beaty's opinions, for us to remand for additional explanation is unnecessary.  Cf. Winschel, 631 F.3d at 1179 (reversing where the ALJ failed to assign weight to the opinions of two doctors because the ALJ provided insufficient explanation for the Court to determine how the ALJ reached his decision).

## II.

Duffy next argues that the ALJ erred in failing to consider her diagnosis of Asperger's disorder.  Duffy, however, did not allege -- in either her application for benefits or at her hearing -- that her Asperger's disorder was a basis for her

7

disability.  Accordingly, the ALJ was under no duty to consider this alleged impairment.  See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996) (concluding that a claimant's failure to list an impairment, either in her application for disability benefits or through her hearing testimony, disposes of the claim, because the ALJ was "under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'").

Furthermore, Duffy failed to demonstrate that her Asperger's disorder causes functional limitations of a different kind or severity than those health issues already accounted for by the ALJ in his assessment of Duffy's medical condition as a whole.  See Moore, 405 F.3d at 1213 n.6 (a diagnosis, in and of itself, is no evidence of the extent to which an impairment limits a claimant's ability to work and cannot undermine the ALJ's determination on that work issue).

AFFIRMED.