**Marilyn B. McGINTY, Appellant,**

v.

**Margaret M. HECKLER,[1] Secretary, Department of Health and Human Services, Appellee.**

No. 83–1289.

United States Court of Appeals, Eighth Circuit.

Aug. 8, 1983.

1. Margaret M. Heckler succeeded Richard S. Schweiker as Secretary of the Department of Health and Human Services on March 9, 1983.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Bruce R. Granger, Deputy Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel, Joseph L. Flynn, Candace J. Barnes, Dale, Flynn, Mendell & Barnes, St. Joseph, Mo., for appellant.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Marilyn B. McGinty appeals from a decision of the United States District Court for the Western District of Missouri. The primary issue on appeal is whether a claimant is bound by a statement in her application for Social Security disability benefits that her disability commenced on a particular date; in this case November 20, 1975.[2] The question is of importance because the claim-

ant met the insurability requirements of Title II of the Act only through December 31, 1974.

McGinty filed her application for Social Security disability benefits on June 19, 1979. This application was denied initially and on reconsideration by the Social Security Administration. McGinty then requested a hearing before an administrative law judge (ALJ), which was held November 30, 1979. On January 23, 1980, the ALJ denied McGinty's request for disability benefits, finding that she was not disabled within the meaning of the law. The Appeals Council affirmed this ruling, and McGinty appealed to the United States District Court. The district court remanded for further proceedings before the ALJ. An additional hearing was held, after which the ALJ again determined that McGinty was not eligible for benefits. The Appeals Council adopted this decision, and McGinty again appealed to the district court.

On August 2, 1982, the court found that there was not substantial evidence in the record to support the Secretary's decision that McGinty was not disabled. It stated:

> Because the "gaps" which were previously found by this Court to exist in the basis for the [Secretary's] decision were not filled upon remand, and the ALJ virtually ignored the vocational testimony and chose to rely only on those portions of the psychiatrist's report which supported his conclusion [that the claimant was not disabled], the Court reverses as to the finding that the claimant was not entitled to benefits from the alleged date of onset through at least the date of the hearing on October of 1981, and directs a calculation of benefits for that period and to the present, to continue unless and until further proceedings are instituted for possible termination.

Thereafter, some confusion arose as to the precise meaning of the district court's order and the court entered a new order on Feb-

---

**2.** Both parties also raise procedural arguments to the effect that the other party is foreclosed from raising this question, but we find no merit to these arguments.

ruary 4, 1983. In this order, the court indicated that its August 2, 1982, order merely reversed the ALJ's finding of no disability, as unsupported by substantial evidence. The Court did not direct the defendant to pay both Title II disability and SSI benefits, but merely instructed the Secretary to calculate the appropriate benefits.

The court then adopted the Secretary's position that McGinty was precluded from receiving Title II benefits because she had stated in her application for benefits that her disability commenced on November 20, 1975, and she met the insurability requirements of the Act only through December 31, 1974. The court adopted this position even though it found that McGinty "may actually have been disabled earlier" than the date she put on her application. The court indicated that its holding was

> compelled by Judge Wright's holding in *Schmidt v. Harris,* 498 F.Supp. 1181, 1184 (W.D.Mo.1981), where he stated: "Although plaintiff's mental problems predated December, 1974, we find that the plaintiff is unable to claim any benefits prior to December 31, 1974, because by the claimant's own statement which he rendered to the Social Security Administration he stated that he had become disabled on December 31, 1974 ...."

In our view, the district court erred in relying on Judge Wright's holding in *Schmidt v. Harris,* 498 F.Supp. 1181 (W.D. Mo.1981). A claimant is not necessarily bound by the statement made on the application form as to the onset date of the claimant's disability. Although this statement is evidence that the claimant believed that the disability began on that date, it is not conclusive. The Secretary and the district court must determine from *all* of the evidence the date, if any, upon which the claimant became disabled within the meaning of the law. *See Stark v. Weinberger,* 497 F.2d 1092, 1099–1101 (7th Cir.1974).

The Seventh Circuit was faced with this precise problem in *Stark v. Weinberger, supra.* In that case, the claimant first applied for disability benefits on July 29, 1971, although she had been afflicted with scleroderma, a progressive, incurable disease, since the late 1930s, and had met the earnings requirements of the statute only through December 31, 1950. The case was before the Seventh Circuit on an appeal by the claimant from a district court decision affirming the Appeals Council's denial of benefits. On appeal, the Secretary contended that three items of evidence supported the Appeals Council's position that the claimant was not disabled prior to December 31, 1950:

(1) Certain medical records placed the onset of her illness in about 1954;

(2) On her application for benefits she stated that she first became unable to work in 1958; and

(3) She was employed after 1950.

The Court rejected the Secretary's argument that this evidence was substantial support for the Appeals Council's decision, and that therefore the Court must affirm. *Id.* at 1099. The Court stated:

> It is * * * our duty to appraise this evidence in light of the entire record and not merely to view it "in isolation." When viewed in this manner the facts upon which the Appeals Council relied are not substantial.

*Id.* (footnote omitted).

The Court specifically indicated that it did not view the claimant's admission in her application for disability benefits as controlling for purposes of determining the onset of her disability. *Id.* It stated:

> In her answer to the question when she became unable to work because of her disability, she stated: "Dec. not the first 1958." This answer is ambiguous because it is not clear whether she meant that December, 1958, was "not the first" time she became unable to work, or that she could not remember the specific date when she left Western Electric, but it was "not the first of December." We think the latter interpretation is the more reasonable, but nevertheless do not consider this admission critical. When plaintiff completed the application she knew

she had worked at Western Electric in 1958 and, since she was not represented by counsel, was unaware of the earnings requirement that made it necessary for her to establish an earlier disability date. She simply stated the fact that she was not totally unable to work until 1958. * * *

*Id.* (footnotes omitted).

In many ways, the claimant's position here is stronger than the claimant's position in *Stark* because in *Stark* there was evidence that the claimant worked after 1950. The Court rejected this evidence as controlling as well, however, because it found that the claimant worked only with great difficulty and with substantial help from her co-workers, and even then was ultimately fired because she could not satisfactorily perform the job. *Id.* at 1100. The Court concluded:

> Although neither she nor her doctors was fully aware of the extent of her disability while she was struggling to maintain her earnings because of her "severe economic need," we think it is now apparent that, at all times after 1950, her affliction was sufficiently serious to be disabling within the meaning of the Act.

*Id.* at 1100–1101.

The Court reversed the district court and ordered that judgment be entered in favor of the claimant. *Id.* at 1101.

We are not prepared to say at this point that McGinty should be awarded Social Security disability benefits. We do believe, however, that the case must be remanded to the district court with instructions to it to determine whether under all of the evidence the record establishes that the date of the onset of McGinty's disability was prior to December 31, 1974, and if it was, to award Social Security disability benefits to the date of the onset.

If the district court believes that it is essential that additional testimony be taken to determine the onset date, it may, of course, remand this matter to the Secretary for additional hearings. We simply hold that the claimant is not unilaterally bound by the statement in her application that the onset of her disability was November 20, 1975. Accordingly, the decision of the district court is reversed, and the case is remanded for a proper determination of the onset date of the claimant's disability.