Prentis BATTLES, Jr., Appellant,

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Appellee.**

No. 93–4044.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1994.

Decided Sept. 22, 1994.

Gregory Wallace, Charlottesville, VA, argued (Anthony Bartels, Jonesboro, AR, on the brief), for appellant.

Joyce Shateen, Health and Human Services, Dallas, TX, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

Prentis Battles, Jr. appeals from a judgment of the district court upholding a decision of the Secretary of Health and Human Services denying his claim for supplemental security income benefits. We reverse and remand.

In December 1991, Battles filed an application for benefits, alleging a disability due to back and "right side" problems. In a disability questionnaire, Battles, who was born in 1940, stated he had a seventh grade education, had not worked in fifteen years, and was homeless. He described a reclusive social life, indicating that he did not visit with people and that his relatives had nothing to do with him. In July 1992, Battles, who was represented by an attorney, appeared at a hearing before an administrative law judge (ALJ), claiming he could not work because of back pain, a "bad kidney," and breathing problems. In response to questions from his attorney, Battles stated that he could not "read or write too good," spent his days scavenging dumpsters for food and objects to sell, and spent nights sleeping in other people's cars.

The only evidence submitted in connection with the hearing was a February 1992 report of a consultative physician. Lumbar spine and chest x-rays were normal. The doctor diagnosed pain of unknown origin in the rib region and chronic obstructive lung disease.

The ALJ found that Battles' allegations of disabling pain were not credible and denied his claim for benefits.

Battles appealed the decision to the Appeals Council and submitted an additional medical report of an orthopedist, who found "no musculoskeletal condition to explain the patient's symptoms." The doctor, however, diagnosed chronic obstructive lung disease and advised a pulmonology evaluation. The Appeals Council upheld the ALJ's decision.

Battles then sought review in the district court, alleging that he was disabled by a combination of physical and mental impairments. He also filed a motion to remand under 42 U.S.C. § 405(g) based on a report of Dr. William Wilkins, a psychologist who evaluated Battles in June 1993. Intelligence tests revealed that Battles had borderline intellectual functioning, with a full scale IQ score of 72, a verbal IQ of 80, and a performance IQ of 63. Psychological tests, coupled with social history, indicated that Battles had a "fairly well entrenched pattern of a schizotypal personality disorder," which was characterized by inappropriate behaviors, and suffered from "an almost lifelong history of significant alcohol abuse." He also suffered from severe dyslexia.[1]

The district court upheld the denial of benefits and denied the motion to remand.

■ On appeal Battles challenges the district court's denial of his motion to remand. He, however, suggests that the motion to remand probably would have been unnecessary had the ALJ fulfilled his duty to fully and fairly develop the record as to a mental impairment. We agree. The Secretary acknowledges that it is her " 'duty to develop the record fully and fairly, even if . . . the claimant is represented by counsel.' " *Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (quoting *Warner v. Heckler,* 722 F.2d 428, 431 (8th Cir.1983)). This is so because an administrative hearing is not an adversarial proceeding. *Henrie v. Dept. of Health & Human Serv.,* 13 F.3d 359, 361 (10th Cir. 1993). "[T]he goals of the Secretary and the advocates should be the same: that deserving claimants who apply for benefits receive justice." *Sears v. Bowen,* 840 F.2d 394, 402 (7th Cir.1988). Moreover, "[a]n adequate hearing is indispensable because a reviewing court may consider only the Secretary's final decision [and] the evidence in the administrative transcript on which the decision was

---

1. Battles represents that he submitted Dr. Wilkins' report in connection with a second application for benefits, which was granted.

based." *Higbee v. Sullivan,* 975 F.2d 558, 562 (9th Cir.1992) (per curiam).

While the Secretary is correct that she is in under no duty to "go to inordinate lengths to develop a claimant's case[,]" *Thompson v. Califano,* 556 F.2d 616, 618 (1st Cir.1977), it is also true that she must "make an investigation that is not wholly inadequate under the circumstances." *Miranda v. Secretary of Health, Educ. & Welfare,* 514 F.2d 996, 998 (1st Cir.1975). "There is no bright line test for determining when the [Secretary] has . . . failed to develop the record. The determination in each case must be made on a case by case basis." *Lashley v. Secretary of Health & Human Serv.,* 708 F.2d 1048, 1052 (6th Cir.1983).

 In the circumstances of this case, we believe that the ALJ failed to fully and fairly develop the record. Although length of a hearing is not dispositive, it is a consideration. *Thompson v. Sullivan,* 987 F.2d 1482, 1492 (10th Cir.1993). Here, the hearing "lasted a mere [ten] minutes, and was fully transcribed in approximately eleven pages." *Lashley,* 708 F.2d at 1052. The ALJ asked no questions and counsel's questions failed to shed light on Battles' mental capacity to work. "Superficial questioning of inarticulate claimants or claimants with limited education is likely to elicit responses which fail to portray accurately the extent of their limitations." *Id.* We believe that Battles' testimony that he was virtually illiterate, had not worked in fifteen years, ate out of garbage cans, slept in other people's cars, and had no relationships with other persons was "sufficient to raise an issue as to [his] mental and psychological capacity to engage in substantial gainful activity."[2] *Cannon v. Harris,* 651 F.2d 513, 519 (7th Cir.1981). The Secretary's own rules provide that "mental illness is defined and characterized by maladaptive behavior." Social Security Ruling (SSR) 85–15. The rules recognize that "[i]ndividuals with mental disorders often adopt a highly restricted and/or inflexible lifestyle" and "emphasize the importance of thoroughness in evaluation on an individualized basis." *Id.* Indeed, the regulations provide a mandatory procedure to evaluate mental impairments, 20 C.F.R. § 416.920a, and for examination by a psychiatrist or psychologist when there is "evidence which indicates the existence of a mental impairment." *Id.* at § 416.903(e).[3]

Because we hold that the ALJ failed to fully and fairly develop the record,[4] we need not address the question whether the district

---

2. We are aware that this court has held that as a general rule an ALJ has no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability[,]" *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir.1993), but this case is an exception to the rule. "Unfairness or prejudice resulting from an incomplete record—whether because of lack of counsel or lack of diligence on the ALJ's part—requires a remand." *Highfill v. Bowen,* 832 F.2d 112, 115 (8th Cir.1987) (evidence "put the ALJ on notice of the need for further inquiry"). *See also McGinty v. Heckler,* 713 F.2d 398, 400 (8th Cir. 1983) (per curiam) ("A claimant is not necessarily bound by the statement made on the application form as to the onset date of the claimant's disability.").

 Even if Battles had not raised an issue concerning the fairness of his hearing, we might well have raised it sua sponte. *See Silber v. United States,* 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L.Ed.2d 798 (1962) (per curiam) ("appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings") (internal quotation omitted).

3. The rules also provide that "[r]eports from psychiatrists . . . and other professionals working in the field of mental health should contain the individual's medical history, mental status evaluation, psychological testing, diagnosis, . . . a description of the individual's daily activities, and a medical assessment describing ability to do work-related activities." SSR 85–16. Here, the doctor who conducted a consultative "general physical examination" in February 1992 concluded that Battles had the ability "to respond appropriately to supervision, co-workers, and work pressure in a work setting," even though Battles had told the doctor he had not worked in fifteen years. Based on the report in the record, it does not appear that the doctor worked in the mental health field or conducted a mental status evaluation. Nor does the report contain a description of Battles' daily activities, social history, or any basis upon which the doctor based his conclusions.

4. On remand, the Secretary may also need to develop the evidence of Battles' chronic obstructive lung disease.

court abused its discretion in denying Battles' motion to remand. We merely observe in passing that should that question be addressed there certainly is authority for denial of relief on the motion to remand. *See Smith v. Shalala,* 987 F.2d 1371, 1375 (8th Cir.1993).

Accordingly, we reverse the judgment of the district court and remand this case with instructions to remand to the Secretary for further proceedings.