112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Isaac L. BISHOP, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Defendant-Appellee.
 No. 96-55664.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Isaac L. Bishop appeals the district court's summary judgment affirmance of a decision by the Commissioner of Social Security ("Commissioner") denying his application under Title II of the Social Security Act, 42 U.S.C. § 423, for disability benefits. Bishop alleged disability due to severe diabetes mellitus. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Bishop contends that the ALJ's decision is not supported by substantial evidence. This contention lacks merit. We review de novo the district court's grant of summary judgment. See Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will uphold the Secretary's decision if the findings are supported by substantial evidence in the record and the correct legal standards were applied. See id.
 
 
 4
 The ALJ determined that due to his diabetes disorder Bishop could not perform his past work as a bus driver. At Bishop's hearing before the ALJ, the vocational expert testified that Bishop was able to perform hand assembly jobs and that these jobs accounted for 673,000 jobs in the national economy and 26,539 jobs in the local economy.[1] When asked to identify specific jobs that would fall into this category, the vocational expert stated that such jobs included sandal parts assembler and net maker. Bishop argues that because the grids state these jobs would expose Bishop to the same levels of noise as that of his past job as a bus driver, he cannot perform them because they would be too stressful.
 
 
 5
 Bishop's contention lacks merit because in coming to his determination, the vocational expert took into account Bishop's limitations, as set forth by the ALJ, including a need for a low stress environment. Because the vocational expert's testimony provides substantial evidence, the ALJ did not err by determining that Bishop could perform other types of work and was therefore not disabled. See Johnson v. Shalala, 60 F.3d 1428, 1431 (9th Cir.1995); Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.1988).[2]
 
 
 6
 Bishop also contends that the ALJ failed to fully develop the record. This contention lacks merit.
 
 
 7
 "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983). The degree and effort required of the ALJ varies from case to case. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir.1994); Lashley v. Secretary of Health and Human Serv., 708 F.2d 1048, 1052 (6th Cir.1983). Bishop claims that the ALJ should have compared the occupational bases available to Bishop with the occupational bases available to other claimants who are considered disabled under the grids. Bishop argues that because of his nonexertional limitations, his occupational base was smaller than that available to a person deemed disabled who possessed similar characteristics. Bishop reasons that because his occupational base was smaller, he should have been found disabled.
 
 
 8
 There is no statute, regulation or judicial determination supporting Bishop's claim that the ALJ is required to carry out this comparison. Bishop's reliance on Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir.1989) is misplaced. Swenson is not applicable because it merely held that the ALJ should clarify the testimony of a vocational expert when that testimony is inconsistent with the overall framework of the grids. See id. Accordingly, the ALJ did not fail to fully develop the record. See Brown, 713 F.2d at 443.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Such jobs exist in significant numbers within the region so as to meet the requirements of 42 U.S.C. § 423(d)(2)(A). See Barker v. Secretary of Health and Human Serv., 882 F.2d 1474, 1478-79 (9th Cir.1989) (concluding that 1,266 jobs are within the parameters of section 423(d)(2)(A))
 
 
 [2]
 For the same reason we also reject Bishop's contention that the jobs identified by the vocational expert are too stressful for Bishop to perform because they require "repetitive and/or continuous short-cycle work and to attain precise set limits, tolerances and standards."