# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2188

_____

Annette Hayes,                             *
                                           *
                 Appellant,                *
                                           *   Appeal from the United States
        v.                                 *   District Court for the
                                           *   Western District of Missouri
Kenneth S. Apfel, Commissioner of          *
Social Security,                           *        [UNPUBLISHED]
                                           *
                 Appellee.                 *

_____

Submitted:   August 5, 1999

Filed:   August 13, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Annette Hayes appeals from the final judgment entered in the District Court for the Western District of Missouri upholding the final decision of the Commissioner of Social Security to deny Hayes's applications for disability insurance benefits and supplemental security income. For reversal, Hayes argues, in part, that the administrative law judge (ALJ) did not fully and fairly develop the record or evaluate her mental impairments. For the reasons discussed below, we reverse the judgment of the district court and remand for further proceedings.

In determining whether substantial evidence on the record as a whole supports the Commissioner's finding of no disability within the meaning of the Social Security Act, see Hogg v. Shalala, 45 F.3d 276, 278 (8th Cir. 1995) (standard of review), we are mindful that the ALJ--because an administrative hearing is not an adversarial proceeding--has a duty to develop the record fully and fairly, even if the claimant is represented by counsel, see Battles v. Shalala, 36 F.3d 43, 44 (8th Cir. 1994). Social security regulations provide a mandatory procedure to evaluate mental impairments and for examination by a psychiatrist or psychologist "in any case where there is evidence which indicates the existence of a mental impairment." See 20 C.F.R. §§ 404.1503(e), 404.1520a, 416.903(e), and 416.920a.

In applying for benefits, Hayes alleged she had been unable to work since October 1991 solely because of physical problems, including back problems, diabetes, blindness in her left eye, and poor vision in her right eye. However, by the time the ALJ conducted a hearing in January 1994, the administrative record included evidence indicating Hayes's treating physician had diagnosed depression, had made frequent notes discussing Hayes's symptoms related to her depression, and had prescribed medication and discussed therapy. In a February 1995 decision, the ALJ concluded that Hayes was not disabled within the meaning of the Social Security Act. The ALJ did not, however, order any type of psychological evaluation, discuss in his decision the medical evidence related to Hayes's depression, or complete a psychiatric review technique form (PRTF).

After the Appeals Council declined Hayes's request for review, she commenced this action by filing a complaint in federal court. Prior to filing a motion for summary judgment, Hayes filed two motions to remand the cause to the Commissioner for another hearing based on new evidence, including cognitive and psychological

assessments completed in November and December 1996.[1] Despite finding that much of the new evidence submitted by Hayes concerning her mental impairment was relevant, not merely cumulative, and was probative of Hayes's condition for the time period for which benefits were denied, the district court denied the motions to remand because it found Hayes did not establish good cause for failing to develop and offer the evidence earlier in the administrative proceedings. In denying Hayes's subsequent motion for summary judgment, the district court found, in relevant part, that although there were frequent references to depression in the record, the ALJ had not been required to develop the record on Hayes's mental health issues or to complete a PRTF because Hayes's medical records did not show a disabling mental condition, the consulting physician's evaluation revealed no mental health concerns, and Hayes did not raise any mental health complaints during the administrative process.

In this timely appeal, Hayes argues that the district court applied the wrong standard in analyzing whether the ALJ failed to develop the record on her mental impairments given the procedure mandated by the regulations. We agree, and therefore conclude that substantial evidence on the record as a whole does not support the Commissioner's decision. See 20 C.F.R. § 404.1503(e) (discussing procedure to be followed where evidence "indicates the existence of a mental impairment"); 20 C.F.R. § 416. 903(e) (same); Battles, 36 F.3d at 44-45; Montgomery v. Shalala, 30 F.3d 98, 100 (8th Cir. 1994) (testimony elicited by hypothetical questions that do not relate with

_____

[1]Although the district court denied Hayes's motion to remand and the supporting evidence is not part of the administrative record, we note that the cognitive evaluation included administration of the Wechsler Adult Intelligence Scale-Revised (WAIS-R), on which Hayes achieved a verbal IQ score of 72, a performance IQ score of 65, and a full scale IQ score of 70. Her overall cognitive abilities were in the borderline range, her overall nonverbal abilities were in the mild mental retardation range, and her individual skill levels were found to range from mental retardation to low average. The psychological summary included a diagnosis of a recurrent major depressive disorder, and noted that Hayes was then under psychiatric care and was also seeing a psychologist, that she was taking Prozac, and that her son had recently been killed.

precision all of claimant's impairments cannot constitute substantial evidence to support ALJ's decision to deny benefits; remanding where ALJ did not accurately summarize claimant's mental status in hypothetical posed to VE, and holding ALJ's failure to complete PRTF was not harmless); cf. Delrosa v. Sullivan, 922 F.2d 480, 484-85 (8th Cir. 1991) (noting ALJ may not refuse to accept "psychological overtones" of examining physicians' diagnoses).

In addition, although we do not agree that the hypothetical posed to the vocational expert was fatally defective for not including some of Hayes's impairments and limitations, we do agree that the vocational expert's response to the hypothetical did not support the ALJ's conclusion that she could work. It is undisputed that the vocational expert did not mention any sedentary jobs after stating that Hayes was limited to sedentary work and did not specifically indicate whether the light jobs he cited as examples of available work she could perform would meet Hayes's limitation on standing and walking. See 20 C.F.R. § 404.1567(b) (job is in light category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls").

We do not address Hayes's other arguments on appeal, not because we find them to be wholly without merit, but because it is unlikely that the same issues will reoccur on remand. Specifically, we trust the Commissioner will need to elicit further input from a vocational expert after developing the record relevant to Hayes's mental impairment.

Accordingly, we reverse the judgment of the district court and remand this case with instructions to remand to the Commissioner for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.