# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3777

_____

Carolyn Lansdown Dickerson,       *
                                *
         Appellant,           *
                                *   Appeal from the United States
      v.                       *   District Court for the Western
                                *   District of Arkansas.
Kenneth S. Apfel, Commissioner,   *
Social Security Administration,     *       [UNPUBLISHED]
                                *
         Appellee.            *

_____

Submitted:  November 28, 2000
Filed:   December 14, 2000

_____

Before BEAM, FAGG, and, LOKEN, Circuit Judges.

_____

PER CURIAM.

Carolyn Lansdown Dickerson applied for disability insurance benefits in March 1996, alleging disability based on carpal tunnel syndrome, a hernia, asthma, a bone spur in her right foot, and nerve damage in her back.  Following a hearing, an administrative law judge (ALJ) found that she retained the residual functional capacity to perform her past relevant work, which Dickerson had described as being performed at sedentary to light levels.  The district court[1] affirmed the Commissioner's decision,

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by

and Dickerson appeals.  For reversal, she argues that the Commissioner's decision is not supported by substantial evidence on the record as a whole.  In particular, she complains that the ALJ improperly discounted her subjective complaints, failed to evaluate the combined effect of her impairments, improperly discounted her treating physician's opinion, failed to develop the record, and erred in finding that she could perform her past relevant work.  Finding that substantial evidence supports the Commissioner's decision, see Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review), we affirm.

The ALJ found that, although the medical evidence established severe bilateral carpal tunnel syndrome, history of a hysterectomy, a hiatal hernia, frontal headaches, plantar fasciitis (inflammation of supportive soft tissue in foot), and pes cavus (high-arched foot), Dickerson did not have an impairment or combination of impairments of listing-level severity.  Thus, contrary to Dickerson's contention, the ALJ considered the combined effect of her impairments.  See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (where ALJ found claimant did not have impairment or combination of impairments equaling listing-level impairment and referred to evidence as whole, ALJ properly considered combined effect of impairments).

Dickerson's argument that the ALJ improperly discounted her subjective complaints fails also, as he evaluated them in accordance with the factors described in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  Cf. Fenton v. Apfel, 149 F.3d 907, 911-12 (8th Cir. 1998) (claimant not fully credible regarding claimed restrictions precluding all work activity where, inter alia, multiple impairments were controlled by medication, claimant did not always follow medical advice, no physician had restricted him from work, and daily activities had not substantially changed).  Likewise, the ALJ did not err in discounting the assessments of Dickerson's treating physician:  the ALJ found the assessments internally inconsistent, and not fully supported by the

consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

physician's own clinical notes and other objective findings.  See Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999) (treating physician's opinion was not afforded deference where it was not supported by his own findings or diagnostic data); Cruze v. Chater, 85 F.3d 1320, 1325 (8th Cir. 1996) (where treating physician's opinions are themselves inconsistent, they should be accorded less deference).

Having carefully reviewed the record, we are unpersuaded by Dickerson's remaining arguments, which we reject without further discussion.  See Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (claimant has burden to demonstrate inability to perform past relevant work); Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (ALJ's duty to develop record is to make adequate investigation under circumstances of case).

Accordingly, we affirm.   A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.