# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1451

_____

| | | |
|---|---|---|
| Jerry Gregg, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jo Anne B. Barnhart, Commissioner | * | Southern District of Iowa. |
| of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 23, 2003

Filed:  December 30, 2003

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Jerry Gregg appeals the denial of his application for Social Security disability benefits. The district court[1] upheld the decision of the Commissioner, and we affirm.

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

I.

Jerry Gregg filed for Social Security disability benefits with the Social Security Administration ("SSA") in April 1999, alleging that he became disabled in January 1996.[2] The SSA denied his application when the March 2000 decision of Administrative Law Judge ("ALJ") Jan E. Dutton became the final decision of the Commissioner. The district court, finding that the ALJ's decision was supported by substantial evidence and not affected by error of law, affirmed. Gregg appeals, alleging that the ALJ failed to properly develop the record, made improper credibility determinations, and asked the vocational expert an inadequate hypothetical question.

Gregg has several physical conditions, which he argues render him disabled within the meaning of the Social Security Act. He injured his neck at the fifth vertebra, for which he had surgery. He was diagnosed with bilateral foraminal stenosis in his spine, degenerative disc disease, and nerve damage in his right arm. He experiences pain in his neck, shoulder, hip, and right leg. The ALJ found that his impairments were severe, but determined they were not severe enough to meet the criteria of the "Listing of Impairments" of the Act and accompanying regulations. Relying on the testimony of a vocational expert, the ALJ found that there were jobs in significant numbers in the national economy which Gregg could perform. She concluded that he was therefore not disabled for purposes of awarding Social Security disability benefits.

II.

Gregg first argues that the ALJ failed to adequately develop the record as to his alleged mental impairments. *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994) (noting ALJ has duty to develop the record fully and fairly). "There is no bright line test for

---

[2] Gregg amended his disability onset date from October 1, 1994, to January 11, 1996.

determining when the [Commissioner] has . . . failed to develop the record. The determination in each case must be made on a case by case basis." *Id.* at 45.

Gregg's argument rests on the results of a psychiatric examination performed by Hector Cavillin, M.D. in January 2001.[3] In the report, Cavillin opined that Gregg currently suffered from a major depressive disorder, "reactive to a chronic medical condition which is the pain and disability associated with the lifting injury of September, 1994." He further stated: "It is difficult to state how long he has been suffering from the current level of depression," but medical records dating back to 1995 through 1997 suggest that Gregg was suffering from depression during that time period. The Appeals Council dismissed this report as immaterial to whether Gregg was disabled on or before March 31, 2000.

Gregg contends that either the ALJ should have recognized the need for additional mental-health information–without the benefit of Dr. Cavillin's January 2001 report–or the Appeals Council should have remanded the matter to the ALJ for further development of this issue. However, an ALJ is not obliged "to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996). Moreover, at the time of the ALJ's ruling, neither Gregg's family doctor nor any other treating physician knew of any depression-related issues. Further, Gregg testified at the hearing that he did not believe he had any mental problems. Gregg has not shown that the Appeals Council failed to give Dr. Cavillin's statement proper consideration. Further, the ALJ's treatment of Gregg's alleged mental disability was not contrary to Eighth Circuit law.

---

[3] This report was submitted ten months after the ALJ issued her written decision denying benefits. Cavillin's report was submitted to–and considered by–the Appeals Council as new evidence; however, it was omitted from the certified record. On April 22, 2002, Gregg filed a motion for leave to supplement the district court's record, which was granted. The district court record was modified on May 21, 2002.

III.

Gregg next argues that the ALJ's credibility determination was improper. The ALJ must give full consideration to all evidence relating to Gregg's subjective complaints, including his prior work record; observations by third parties and physicians regarding his disability; Gregg's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and his functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The ALJ discounted Gregg's allegations that he was unable to work due to his impairments. She based her credibility determination on several factors, including (1) Gregg's receipt of non-employment income; (2) no consistent medical treatment; (3) no physician's opinion that Gregg was disabled; (4) no objective medical evidence in support of his allegations of pain; (5) no evidence that Gregg's condition deteriorated; and (6) Gregg's performance of daily activities that were inconsistent with his allegations. Specifically, the ALJ noted that although Gregg had not engaged in substantial gainful activity since 1996, his ability to continue to work twenty hours per week as a farmer belied a finding of total disability.

With regard to daily activities, the ALJ found that Gregg tended livestock, including moving hay bales and feed, for one-half to two hours per day. The ALJ also noted that Gregg has not consistently sought treatment for his condition since the alleged disability onset date. Gregg challenges this by arguing that he has followed through with all treatment recommended by his physicians. However, the minimal treatment sought and received by Gregg since his surgery–medication and trigger point injections–succeeded in at least temporarily reducing his pain.

The duty of deciding questions of fact, including the credibility of Gregg's subjective testimony, rests with the Commissioner. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The crucial question is not whether Gregg experienced pain, but

whether Gregg's credible subjective complaints prevent him from performing any type of work. *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996). If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination. *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991). Here, the ALJ's decision was supported by substantial evidence in the record.

IV.

Gregg also argues that, at his hearing, the ALJ asked the vocational expert a hypothetical question that inadequately described his physical limitations. Consequently, according to Gregg, the vocational expert's opinion that there is work which he can perform, is flawed. Gregg again bases his argument on the ALJ's rejection of his claims of extreme pain and mental depression. As explained above, the ALJ properly considered Gregg's claims of physical limitation and disabling pain.

We agree with the district court that the ALJ's opinion correctly applied the law and was supported by substantial evidence on the record as a whole. Accordingly, the judgment of the district court is affirmed.

_____