# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2431

_____

Charlene A. Bauter,                    *
                                       *
          Appellant,                   *
                                       *    Appeal from the United States
     v.                                *    District Court for the
                                       *    Western District of Missouri.
Jo Anne B. Barnhart, Commissioner      *
of Social Security,                    *        [UNPUBLISHED]
                                       *
          Appellee.                    *

_____

Submitted:  March 18, 2004

Filed:    March 29, 2004
_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Charlene Bauter appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits. Having carefully reviewed the record, see Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (standard of review), we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Bauter alleged disability since October 1993 from low back pain and arthritis. After a May 1998 hearing that included testimony from a vocational expert (VE), an administrative law judge (ALJ) found that Bauter could not perform her past relevant work, but could perform the sedentary unskilled jobs of telephone solicitor, surveillance-system monitor, and small-products assembler.

On appeal, Bauter first argues that the ALJ improperly conducted the five-step sequential evaluation. We disagree and find the ALJ engaged in the proper evaluation steps. See 20 C.F.R. § 404.1520 (2003).

Bauter next contends that the case should be remanded to the Commissioner because the Appeals Council did not consider the new and material medical records Bauter submitted after the ALJ issued his opinion. Bauter, however, fails to demonstrate that the Appeals Council did not consider the new evidence, which she has not provided to this court.

We also reject Bauter's challenge to the ALJ's residual functional capacity (RFC) determination. The ALJ's RFC is supported by (and in fact is more lenient than) the RFC findings determined by the agency's physician, it is not inconsistent with the opinions of Bauter's treating physicians, and it finds support in the ALJ's determination that Bauter's testimony was not credible. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (court normally will defer to ALJ's credibility determination where ALJ explicitly discredits claimant's testimony and gives good reasons for doing so); Lauer v. Apfel, 245 F.3d 700, 703-04 (8th Cir. 2001) (ALJ determines RFC based upon all relevant evidence, but it is primarily medical determination and some medical evidence must support it). The ALJ properly discredited the opinion of Dr. Carper who examined Bauter only once for the purpose of state disability benefits, and who rendered a conclusory opinion that Bauter had a disability of unspecified duration. See Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992) (opinion of consulting physician who examined claimant once does

not constitute substantial evidence, particularly where opinion is contradicted by other evidence).

Finally, we reject Bauter's contention that the ALJ's hypothetical question to the VE should have included pain from Bauter's headaches. Bauter does not specify what functional restrictions from the headache pain the ALJ should have included, and the hypothetical did include occasional limitations on concentration, persistence, or pace resulting in inability to timely complete tasks, and included the need to lie down periodically during the work day. See Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) (hypothetical need not use specific diagnostic terms where other descriptive terms adequately define claimant's impairments). Further, there is evidence in the record that Bauter's headaches responded to medication, and none of her physicians placed limitations on her activities as a result of her headaches. See Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994) (ALJ's failure to make specific reference to headaches in hypothetical to VE not error because there was no medical evidence that condition imposed any restrictions on claimant's functional abilities).

Accordingly, we affirm.

_____