# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2922

_____

Latonya Lewis-Leavy,      *
                                        *

       Appellant,            *
                                        *     Appeal from the United States

    v.                                  *     District Court for the
                                        *     Eastern District of Arkansas.

Jo Anne B. Barnhart, Commissioner of    *
Social Security Administration,       *        [UNPUBLISHED]
                                        *

       Appellee.             *

_____

Submitted: April 16, 2004
Filed: July 9, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Latonya Lewis-Leavy appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. Having carefully reviewed the record, see <u>Dixon v. Barnhart</u>, 324 F.3d 997, 1000 (8th Cir. 2003) (standard of review), we affirm.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

In her September 1996 applications, Lewis-Leavy alleged disability since October 1995 from hidradenitis suppurativa[2]; she later added depression and concentration problems as bases for disability. After a September 1997 hearing, an administrative law judge (ALJ) found Lewis-Leavy entitled to a closed period of disability from her alleged onset date through March 1, 1997, but the Appeals Council remanded for reconsideration of her disability status after March 1, 1997. Meanwhile, in November 1998 Lewis-Leavy reapplied for benefits, alleging the same onset date and impairments. After a December 1999 hearing, a second ALJ found that Lewis-Leavy had severe hidradenitis suppurativa with multiple plastic surgeries, hypertension, and dysthymic disorder, but that she had shown significant medical improvement since March 1, 1997, and her impairments were not of listing-level severity either alone or combined. Further, Lewis-Leavy had the residual functional capacity to stand, walk, or sit six hours in an eight-hour workday, she could perform work at least at the medium exertional level, and her inability to tolerate humidity did not erode her job base at the medium or light exertional levels. Thus, she could perform her past relevant work as a mental-health technician, and she could perform the light job a vocational expert had identified in response to a hypothetical the ALJ had posed at the hearing.

Lewis-Leavy first argues that the ALJ should have applied the medical-improvement standard, which is the standard for determining, after an award of benefits, if a claimant's disability has continued or ceased. See 20 C.F.R. §§ 404.1594(a), (f); 416.994(a), (b)(5) (2003). We agree with Lewis-Leavy that the medical-improvement standard applied here, but reading the ALJ's opinion as a whole, we find that he made the requisite findings. See Dixon, 324 F.3d at 1000-01 (discussing sequential analysis in continuing-disability-review process).

_____

[2]Hidradenitis suppurativa is a chronic disease of the sweat glands. Pores become occluded, causing tender and inflamed abscesses that enlarge, break through the skin, and yield purulent drainage. See Dorland's Illustrated Medical Dictionary 822 (29th ed. 2000).

We also reject Lewis-Leavy's challenge to the ALJ's credibility findings, as the ALJ gave multiple valid reasons for finding Lewis-Leavy and her witness not entirely credible.  See Gregg v. Barnhart, 354 F.3d 710, 713-14 (8th Cir. 2003).  We find no merit in Lewis-Leavy's remaining arguments:  the ALJ's opinion reflects that he considered her impairments in combination, see Hajek v. Shalala, 30 F. 3d 89, 92 (8th Cir. 1994); and at the hearing Lewis-Leavy requested only a consultative examination for her hidradenitis suppurativa (which was obtained) without indicating a need for a mental health assessment, and the record sufficiently supports the ALJ's conclusion that Lewis-Leavy's depression was not severe, see Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining additional evidence if existing evidence provides sufficient basis for decision).

Accordingly, we affirm the judgment of the district court.

_____