# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1508

———————

David W. Gibson,

       Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

       Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*

———————

Submitted:  February 7, 2005
Filed:  February 10, 2005

———————

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

———————

PER CURIAM.

David Gibson appeals from the judgment of the district court[1] upholding the Commissioner's decision to order repayment of social security benefits he received while imprisoned on a felony charge. For reversal, Gibson contends that the administrative law judge (ALJ) erred in refusing to waive recovery of the

———————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri.

overpayment. In particular, Gibson argues he was "without fault" in receiving the overpayment, within the meaning of 20 C.F.R. § 404.506 (2004), which prohibits recovery of an overpayment that "has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience." Concluding that the ALJ's decision was supported by substantial evidence on the record as a whole, see Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004), we affirm.

Initially, we note that when Gibson was sentenced on his felony charge in 1992, the district court[2] ordered him to "partially pay for his incarceration costs by signing over his monthly Social Security disability checks to the Bureau of Prisons during his period of incarceration." If Gibson had followed that order, the Social Security Administration (SSA) would have received notice that Gibson was not entitled to receive the checks. Gibson argues that his sentencing was "traumatic," the judge's order "didn't register," he did not think about the checks because they were being directly deposited into his checking account, and no one provided paperwork for him to follow through with the order.

The ALJ found that although Gibson had experienced stress, he remained mentally capable of taking care of his financial interests. The ALJ noted that Gibson continued to make payments on commercial property he owned while incarcerated, and that Gibson spent the $10,000 he had remaining even after he was specifically advised by the SSA that he had been overpaid. We find that substantial evidence supports the ALJ's finding that Gibson was not without fault because he "accepted a payment he knew or could have been expected to know was incorrect." See 20 C.F.R. § 404.507(a) (2004); Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if

---

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

ALJ explicitly discredits claimant, and gives good reasons for doing so, this court normally defers to credibility findings).

Further, the record supports the overpayment amount of $45,040.30 calculated by the ALJ.  Accordingly, we affirm.

_____