# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3449

_____

Roberta F. Smith,                              *
                                               *
            Appellant,                         *
                                               *  Appeal from the United States
      v.                                       *  District Court for the
                                               *  District of Nebraska.
Michael J. Astrue, Commissioner                *
of the Social Security Administration,         *        [UNPUBLISHED]
                                               *
            Appellee.                          *

_____

Submitted: June 14, 2007
    Filed: August 8, 2007

_____

Before MELLOY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Roberta F. Smith's applications for disability insurance and supplemental security income benefits were denied by the Social Security Administration (SSA). Smith sought review before an administrative law judge (ALJ). After conducting a hearing, the ALJ concluded that Smith was not disabled and denied the benefits. The SSA Appeals Council denied review, thereby rendering the ALJ's decision the final

agency determination. The district court[1] affirmed the decision of the agency. Smith appeals, and we also affirm.

## I. *Background*

Smith applied for disability insurance and supplemental security income benefits on March 10, 2004, alleging that she had become disabled on September 15, 1998, when she was 42 years old, due to neck, back, and left shoulder pain; carpal tunnel syndrome; and headaches. Before the ALJ, Smith, who was represented by counsel, testified regarding her impairments, and Smith's medical records were admitted into evidence. In addition, a vocational expert testified.

The ALJ evaluated Smith's claims according to the five-step sequential analysis prescribed by the Social Security regulations, *see* 20 C.F.R. §§ 404.1520 and 416.920, and determined, among other things, that: (1) Smith had not engaged in any substantial gainful activity since September 15, 1998; (2) Smith's medically determinable impairment—"mild acromioclavicular degenerative joint disease of the left shoulder"—was severe, but not of listing-level severity; (3) Smith retained the residual functional capacity (RFC) to return to her past relevant work as a telemarketer and cleaner; (4) she could perform other jobs involving unskilled, sedentary, and light work activity that existed in significant numbers in the regional economy; and (5) she was not credible, with respect to the extent of her symptoms and limitations. Based upon these findings, the ALJ determined Smith was not disabled. The district court affirmed that decision.

## II. *Discussion*

We review de novo a district court's decision to uphold the ALJ's denial of benefits. *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). In conducting this

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

review, we must decide "'whether the Commissioner's findings are supported by substantial evidence on the record as a whole.'" *Id.* (quoting *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001)). If substantial evidence supports the Commissioner's decision, we will not reverse because substantial evidence also supports the contrary outcome, even if we would have reached a different conclusion. *Id.*

Smith's sole contention on appeal is that the ALJ failed to fully and fairly develop the record as to her mental impairments. *See Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (noting ALJ has duty to develop the record fully and fairly). "There is no bright line test for determining when the [Commisioner] has . . . failed to develop the record. The determination in each case must be made on a case by case basis." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994).

Smith asserts that the ALJ should have ordered a psychological examination to evaluate her depression and anxiety, as well as to determine her mental capacity. Smith, however, claimed disability based on neck, back, and left shoulder pain; carpal tunnel syndrome; and headaches—she did not allege disability based on these purported mental impairments. To the contrary, during her administrative hearing Smith expressly denied that she was depressed. Further, although some of Smith's medical records note that Smith had self-reported high levels of anxiety, the alleged anxiety was never mentioned during the hearing before the ALJ. Moreover, the only mention of Smith's mental capacity during the hearing was Smith's testimony that she considered herself to be of average intelligence.

We have repeatedly stated that an ALJ has no duty "'to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)); *see also Brockman v. Sullivan*, 987 F.2d 1344, 1348 (8th Cir. 1993) ("The ALJ, however, had no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the

hearing as a basis for disability."); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989) (ruling that ALJ did not err in not ordering consultative examination before concluding claimant had no mental impairment where claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety). Because Smith did not allege disability based on mental impairments in her applications for disability insurance and supplemental security income benefits, nor during her administrative hearing, we hold that the ALJ adequately developed the record in this case.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court, as the determination that Smith was not disabled is supported by substantial evidence on the record as a whole.

_____