# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2251

_____

Thomas N. Pierzchalski,           *
                                         *

          Appellant,       *
                                         *   Appeal from the United States
     v.                   *   District Court for the Western
                                         *   District of Arkansas.

Michael J. Astrue, Commissioner   *
of Social Security Administration,   *   [UNPUBLISHED]
                                         *

          Appellee.        *

_____

Submitted:  November 3, 2010
Filed:  November 17, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.


      Thomas N. Pierzchalski appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits.  Upon de novo review of the record, see Davidson v. Astrue, 501 F.3d 987, 989-90 (8th Cir. 2007), we find that the Commissioner's decision is supported by substantial evidence on the

_____

     [1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

record as a whole. As to Pierzchalski's arguments for reversal, we find that the administrative law judge (ALJ) gave multiple valid reasons for discounting the opinion of consulting neuropsychologist Vann Smith, including that Dr. Smith saw Pierzchalski only once, see Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004); we find no evidence of bias on the part of the ALJ, see Rollins v. Massanari, 261 F.3d 853, 857-58 (9th Cir. 2001) (quasi-judicial administrative officers such as ALJs are presumed unbiased, but presumption can be rebutted by showing conflict of interest or other specific reason for disqualification); and we conclude that the ALJ was not required to develop the record further based on Dr. Smith's new post-hearing diagnosis of cognitive dysfunction, see Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003). Accordingly, we affirm.

_____